In re Ronald K. NELSON and
Coralynn F. Nelson,
Debtors.

LaCrosse County District Attorney (State of Wisconsin) and Tim Gruenke, Defendants–Appellants,

v.

Coralyn F. Nelson, Plaintiff–Appellees.

No. 00–C–690–S.

United States District Court,
W.D. Wisconsin.

Jan. 10, 2001.

On December 14, 1999 the LaCrosse County District Attorney's Office commenced a criminal action in state court charging Coralyn Nelson with theft by bailee, theft by fraud and embezzlement. This criminal proceeding is scheduled for trial in January 2001.

On December 15, 1999 Coralyn Nelson commenced an adversary proceeding in Bankruptcy Court against the LaCrosse County District Attorney and Tim Gruenke. She alleges that the criminal action was begun for the sole purpose of obtaining a restitution order which will require her to pay debts that were discharged in bankruptcy. She seeks to enjoin the criminal prosecution and obtain compensatory and punitive damages.

Defendants moved to dismiss the adversary complaint for lack of jurisdiction under the Eleventh Amendment. On September 18, 2000 the Bankruptcy Court denied appellant-defendants' motion to dismiss deciding that the Eleventh Amendment does not apply to bankruptcy cases. Defendants seek an interlocutory appeal of the bankruptcy court decision.

## MEMORANDUM and ORDER

SHABAZ, District Judge.

On September 18, 2000, Honorable Thomas S. Utschig, United States Bankruptcy Judge, denied the motion to dismiss of LaCrosse County District Attorney and Tim Gruenke, the defendants-appellants. Appellants have filed an interlocutory appeal to this Court of the September 18, 2000 decision. The appeal has been fully briefed and is ready for decision.

## FACTS

Debtors Ronald K. Nelson and Coralyn F. Nelson filed for bankruptcy on April 8, 1999. Coralyn Nelson was the executive director of Discovery Child Care Center, Inc., a non-profit daycare facility. Discovery Child Care Center, Inc. also filed bankruptcy. The state filed a proof of claim in the Discovery bankruptcy case.

## MEMORANDUM

In denying the defendants' motion to dismiss the Bankruptcy Court found that the Eleventh Amendment did not prevent it from exercising its jurisdiction to entertain the adversary proceeding. The Eleventh Amendment states as follows: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has long held that the amendment also bars suits against states by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72–73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the United States Supreme Court held as follows:

In overruling *[Pennsylvania v.] Union Gas,* [491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989)] today, we reconfirm that the background principle of state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate when the subject of the suit is an area, like the regulation of Indian commerce, that is under the exclusive control of the Federal Government. Even when the Constitution vests in Congress complete lawmaking authority over a particular area, **the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States.** The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction. Petitioner's suit against the State of Florida must be dismissed for lack of jurisdiction. (Emphasis added).

Both the Indian Commerce Clause and the Bankruptcy Clause are found in Article I of the Constitution. The holding of *Seminole* provides that the Bankruptcy Clause in Article I cannot be used to circumvent the Eleventh Amendment restriction of suits by private parties against states. The Eleventh Amendment bars suits by private citizens against a state in a bankruptcy court.

The only exception to this bar is where the State has expressly waived its immunity. *In re Platter,* 140 F.3d 676 (7th Cir.1998). The Court agrees with the Bankruptcy Court's decision that defendants did not waive their sovereign immunity in this case when they filed a claim in the bankruptcy case commenced by Discovery Day Care, Inc. because debtor Coralyn Nelson was not personally responsible for the debts of the corporation. Accordingly, the decision of the Bankruptcy Court to deny defendants-appellants' motion to dismiss for lack of jurisdiction will be reversed and this case will be remanded for dismissal of the adversary proceeding.

Plaintiff alleges that the defendants commenced a criminal prosecution against her for the sole purpose of obtaining a restitution order. This is a conclusion of law and not an allegation assumed to be true for purposes of deciding a motion to dismiss. Neither the Bankruptcy Court nor this Court can enjoin a state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Where restitution may be ordered against plaintiff the issue as to whether such debt is dischargeable in bankruptcy may be pursued at that time.

## ORDER

IT IS ORDERED that the September 18, 2000 decision of the Bankruptcy Court is REVERSED and the above entitled matter is REMANDED to the Bankruptcy Court for dismissal of this adversary proceeding.